# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TEXAS

# AUSTIN DIVISION

| | | |
|---|---|---|
| **MARLON DEON SMITH,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-06-CA-193-SS** |
| | § | |
| **DOUG DRETKE, Director, Texas Dept. of** | § | |
| **Criminal Justice-Correctional** | § | |
| **Institutions Division,** | § | |
| **Respondent.** | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:   The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 5); and Petitioner's response thereto (Document 7). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

**A.     Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 147th Judicial District Court of Travis County, Texas, in cause number 03243614, styled <u>The State of Texas v. Marlon Deon Smith</u>.  Petitioner was convicted of murder and sentenced to 50 years in prison.

Petitioner does not challenge his holding conviction.  Rather, Petitioner argues TDCJ-CID policies regarding the award of good time credits violate the 8th and 14th amendments of the U.S. Constitution because certain inmates who fall under TEX. CODE CRIM. PROC. ANN. § 508.145(d) cannot have those credits considered when determining eligibility for parole.  Petitioner raised this claim in a state application for habeas corpus relief, which was denied without written order by the Texas Court of Criminal Appeals on March 1, 2006.  <u>Ex parte Smith</u>, Appl. No. 28,809-03.

Petitioner explains he is serving a prison term for a 3(g) offense.  A prisoner who is serving a sentence for a 3(g) offense is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one half of the maximum sentence or 30 calendar years, whichever is less.  Petitioner complains it is the policy of TDCJ that all offenders shall be awarded good conduct time credits.  However, the good time credits do not affect parole eligibility for 3(g) offenders.  Petitioner complains the policy requires 3(g) offenders to use their accrued good time allowance in a manner that is contrary to the definition of the term "good time allowance." Petitioner concludes the TDCJ good time allowance policy is unconstitutional.

In his response to Respondent's answer Petitioner claims the "phony" good time credits are worthless to a 3(g) offender.  He contends the work time credits should be applied to reduce his

sentence. He implies that if his work credits do not reduce his sentence then he is enslaved by the prison. Petitioner suggests 3(g) offenders should be paid for their work credits if the credits are not used to reduce their sentences. Petitioner seeks a declaration that Respondent is violating the Separation of Powers Doctrine, the Ex Post Facto Clause, the Double Jeopardy Clause and the Due Process Clause. He further requests a declaration that once good time credits and work time credits are earned they cannot be arbitrarily ignored and rendered worthless.

**B.     Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in Petitioner's application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised his original claims in previous state court proceedings.

**C.     Statute of Limitations**

Respondent moves to dismiss Petitioner's application as time-barred. Respondent contends Petitioner should have discovered the factual predicate of his claims on the date he was sentenced for murder on December 2, 1994. Because it is not entirely clear when Petitioner should have discovered his claims and because Petitioner's claims are entirely without merit, the Court declines to recommend dismissal based on the statute of limitations and instead recommends the denial of Petitioner's habeas application on the merits.

## DISCUSSION AND ANALYSIS

**A.     The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") which radically altered the standard of review by this Court in

federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254. Under the AEDPA's new standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)). The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court. See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts. See 28 U.S.C. § 2254(e)(1). While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence. See id. Absent an unreasonable determination in

4

light of the record, we will give deference to the state court's fact findings. See id. § 2254(d)(2). With these principles in mind, this Court must now turn to the issues raised by the pleadings in this cause.

**B.      Constitutional Claims**

A habeas corpus applicant under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief. Narvaiz v. Johnson, 134 F.3d 688, 695 (5th Cir.1998). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of the Neb. Penal & Correctional Complex, 442 U.S. 1, 7, 99 S. Ct. 2100, 2104 (1979). It is entirely speculative, moreover, whether an inmate will actually obtain parole, inasmuch as there is no right to be released on parole. See Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995); Creel v. Keene, 928 F.2d 707, 712 (5th Cir. 1991). State prisoners in Texas simply "have no protected liberty interest in parole." Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997).

Any good or work time Petitioner has accrued does not discharge any part of his 50-year sentence. A Texas inmate cannot compute his sentence by adding good and work time credits to the time he has actually served (flat time) – this calculation merely reflects when he is eligible for mandatory supervision or parole, not when he is absolutely entitled to immediate release. Vest v. Dretke, No. 4:04-CV-174-Y, 2004 WL 1490104, at *2 (N.D. Tex. July 2, 2004), adopted, 2004 WL 1698838 (N.D. Tex. July 28, 2004); Cordova v. Johnson, No. 3:00-CV-1622-P, 2001 WL 493179, at *3 (N.D. Tex. May 8, 2001), adopted, 2001 WL 640792 (N.D. Tex. June 8, 2001).

The failure to release Petitioner on parole also does not implicate a double jeopardy violation. As a matter of state law, good and work time credits apply only to eligibility for parole or mandatory

supervision and do not actually reduce, extend, or otherwise have any effect on the length of sentence imposed on an inmate. See Ex parte Hallmark, 883 S.W.2d 672, 674 (Tex. Crim. App.1994); TEX. GOV'T CODE ANN. § 498.003(a) (Vernon 2004).

"[T]he double jeopardy clause serves three interests, protecting against: (1) prosecution of the same offense after acquittal; (2) prosecution of the same offense after conviction; and (3) multiple punishments for the same offense." United States v. Berry, 977 F.2d 915, 918 (5th Cir. 1992). Petitioner's arguments attempt to implicate the third protected interest, but fail because Petitioner has not received multiple punishments for the same offense. See Deaver v. Johnson, No. 4:00-CV-1024-Y, 2001 WL 611162, at *4 (N.D. Tex. May 30, 2001) (adopting recommendation that found no double jeopardy violation when petitioner's forfeited good-time credits were not re-instated).

Petitioner has received only one punishment for murder. That he is ineligible for release on mandatory supervision or parole due to the nature of his offense does not violate the double jeopardy clause. Furthermore, a denial of release on parole does not equate to a successive punishment. As previously stated, there is no constitutional right to early release on parole.

Petitioner's claim that the state statute violates the separation of powers doctrine is simply a matter of state law. In order for a federal writ to issue, there must be a violation of "the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68, 112 S. Ct. 475, 480 (1991).

To the extent Petitioner contends the denial of parole results in "slave labor," the Constitution does not forbid a prison inmate being required to work without pay or other compensation. Ali v.

6

Johnson, 259 F.3d 317, 318 & n. 2 (5th Cir. 2001); Moody v. Baker, 857 F.2d 256, 257 (5th Cir. 1998).

Finally, Petitioner's claim that the statute's prohibition of applying his good time credits toward his sentence subjects him to cruel and unusual punishment because it extends his prison term is also without merit. As explained above, Petitioner has no constitutional right to be released prior to the expiration of his sentence.

Petitioner has failed to prove that a federal constitutional violation has occurred. The state court's denial of habeas relief does not appear to be contrary to or involve an unreasonable application of clearly established federal law nor does it appear to be based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings. The state court's determination is thus entitled to a presumption of correctness. 28 U.S.C. § 2254(d), (e)(1).

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

The Clerk is directed to send a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 13th day of May, 2006.

*(signature)*

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE